UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CIT BANK, N.A., formerly known as
ONEWEST BANK, N.A.,

                Plaintiff,

–against–                                **MEMORANDUM AND ORDER**

JANET HOWARD, PNC BANK, NATIONAL           14-CV-7470 (SLT)(SMG)
ASSOCIATION, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
and JOHN DOE,

                Defendants.
----------------------------------------------------------x

**TOWNES, United States District Judge:**

      On December 23, 2014, plaintiff CIT Bank, N.A., formerly known as OneWest Bank, N.A. ("Plaintiff"), commenced this diversity action against Janet Howard ("Howard"); PNC Bank, N.A. ("PNC"); the New York City Environmental Control Board ("ECB"), and a John Doe, seeking to foreclose a mortgage on a three-family dwelling owned by Howard. Plaintiff now moves for summary judgment with respect to its claims against Howard and for a default judgment with respect to its claims against PNC and ECB, neither of which responded to the summons and complaint served upon them. In addition, Plaintiff seeks to discontinue the action against the Doe defendant and to strike that defendant from the caption. For the reasons set forth below, Plaintiff's motion for summary judgment is denied without prejudice to re-filing and the Court defers decision on Plaintiff's remaining motions.

## *BACKGROUND*

      The following facts are not in dispute. On May 25, 2007, Howard borrowed $600,000 from American Brokers Conduit (the "Lender") in connection with her purchase of a three-family

dwelling located at 334 Herzl Street, Brooklyn (the "Property"). She executed an Adjustable Rate Note (the "Note") in which she promised to repay the $600,000, plus interest, to the order of the Lender.

The loan was secured by a mortgage on the Property (the "Mortgage"). The Mortgage expressly provided that Mortgage Electronic Registration Systems, Inc. ("MERS"), a "corporation ... acting solely as a nominee for Lender and Lender's successors and assigns," would be the mortgagee of record for purposes of recording the mortgage. MERS recorded the mortgage in the Office of the City Register of the City of New York on June 20, 2007.

*This Action*

On December 23, 2014, Plaintiff—then known as OneWest Bank, N.A. ("OneWest")—commenced this diversity action to foreclose the Mortgage, principally alleging that Howard "failed to make payment in accordance with the terms of the note and mortgage by not making the payment due on February 1, 2009 and subsequent payments." Complaint, ¶ 14. The second paragraph of the complaint alleged that OneWest either was "the holder of the note secured by the mortgage and the mortgagee, or was delegated authority to institute this mortgage foreclosure action by the owner and holder of the note and mortgage." The thirteenth paragraph of the pleading alleged that "[t]he mortgage was ... assigned to OneWest Bank, FSB," and that OneWest "is formerly known as OneWest Bank, FSB." The complaint did not contain any further allegations regarding who was the holder of the Note.

The complaint named three defendants in addition to Howard: PNC, ECB, and a John Doe. The pleading alleged that PNC and ECB each held "a lien encumbering the [P]roperty,"

and that these liens were "subordinate to Plaintiff's mortgage." *Id.*, ¶¶ 4-5. The complaint sought a judgment extinguishing these liens. *Id.*, p. 5.

Although this action was commenced in federal court, the complaint attached a Certificate of Merit Pursuant to N.Y. C.P.L.R. 3012-b (the "Certificate of Merit"). In that document, a lawyer affiliated with the law firm representing Plaintiff stated that he had "reviewed pertinent documents, including the mortgage, ... note ..., all instruments of assignment ..., and all other instruments of indebtedness" and certified, *inter alia*, that OneWest was "the creditor entitled to enforce rights under these documents." Certificate of Merit, ¶¶ 3, 5. Attached to the Certificate of Merit were copies of the Note, the Mortgage, and an "Assignment of Mortgage (Deed of Trust)," dated August 17, 2009, in which MERS assigned the Mortgage to "OneWest Bank, FSB as successor in interest to IndyMac Bank, FSB ...."

The copy of the Note which is included in Exhibit A to the Certificate of Merit is a four-page document, with two two-page addenda, and two single-page allonges.[1] The fourth and final page of the Note bears a special indorsement signed by one Ryan Criscione, an Assistant Secretary of American Brokers Conduit, which appears to transfer the Note to IndyMac Bank, F.S.B., without recourse. On close inspection, it appears that this special indorsement is comprised of two separate stamps. The stamp affixed by Criscione used small, all-capital block letters, and read:

---

[1] An allonge is a paper attached to a negotiable instrument to provide space for additional indorsements when the original document can no longer accommodate them. *See* Black's Law Dictionary 92 (10th ed. 2014).

PAY TO THE ORDER OF

WITHOUT RECOURSE
BY: AMERICAN BROKERS CONDUIT

---

RYAN CRISCIONE
ASST. SECRETARY

The second stamp inserted the words, "IndyMac Bank, F.S.B.," in the space below the line reading, "PAY TO ORDER OF." The words, "Indy Mac Bank, F.S.B.," were clearly made by a different stamp because they are closer to horizontal than were the words created by the first stamp.

To the right of the stamped endorsement is the faintest trace of a second stamped endorsement. The very top line of that indorsement is barely legible but appears to state, "Pay to the Order Of," in both upper- and lower-case letters which are in a font different from any appearing in the first indorsement. The remainder of this other stamped indorsement is so faint as to be almost entirely invisible.

The two allonges are both entitled, "ALLONGE TO NOTE." The top halves of both allonges are identical, specifically identifying the Note to which the allonge is attached and stating: "For purposes of further endorsement of the following described Note, the allonge is affixed and becomes a permanent part of said Note." The bottom halves differ. The first makes the Note payable to OneWest Bank, FSB, without recourse, and is signed by Sandra Schneider, as "Attorney-in-Fact" for the "Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, successor to IndyMac Bank, F.S.B." The second is indorsed in blank and signed by Sandra Schneider, but in her capacity as Vice President of OneWest Bank, FSB.

*Service of the Summons*

According to the docket sheet, Plaintiff served a summons and complaint on ECB on December 31, 2014, on Howard on January 17, 2015, and on PNC on January 21, 2015. In addition, Plaintiff also served a summons and complaint on each of six tenants occupying the Property. However, Plaintiff never amended the complaint to add these defendants or to substitute any of the tenants for John Doe.

To date, only one defendant, Howard, has answered the complaint. That answer contains a general denial of all of the complaint's allegations and advances nine defenses. Only the second of these defenses—that Plaintiff lacks standing to bring the action—is at issue in the instant motion for summary judgment.

On April 20, 2015, Plaintiff requested that the Clerk of Court enter the default of defendants PNC and ECB pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. That same day, the Clerk of Court entered the default of those two parties.

*The Pre-motion Conference Requests*

At a conference on May 11, 2015, Magistrate Judge Gold directed Plaintiff to file a pre-motion conference request relating to its anticipated motion for summary judgment by June 29, 2015. In response to this directive, Plaintiff filed a one-page letter addressed to Judge Gold requesting that a pre-motion conference be scheduled on June 29, 2015, or any date thereafter. Letter to Judge Steven Gold from Michael W. Nardolillo, Esq., dated June 3, 2015. In an electronic order entered on June 8, 2015, Judge Gold denied this request, noting: "The motion for a premotion conference should be addressed to the District Judge presiding over the case

unless counsel file a consent form to have the magistrate judge decide the dispositive motion or to have the case re-assigned to the magistrate judge for all purposes."

One week later, Plaintiff filed a second pre-motion conference request, which was identical to the first request except that it was addressed to the undersigned rather than to Judge Gold. That one-page letter merely described the May 11, 2015, status conference at which Judge Gold set a June 29, 2015, deadline for requesting a pre-motion conference and requested that a pre-motion conference be scheduled. *See* Letter to Judge Sandra L. Townes from Michael W. Nardolillo, Esq., dated June 15, 2015. In an order dated June 17, 2015, the Court denied Plaintiff's second pre-motion conference request without prejudice to filing another request that complied with paragraph III.A of the Court's Individual Motion Practices and Rules.

On June 29, 2015, Plaintiff filed its third pre-motion conference request. That request specifically referenced the allonges attached to the copy of the Note included in Exhibit A to the Certificate of Merit, stating: "The copy of the Note submitted with the Certificate of Merit shows that the Note has attached allonges that are indorsed in blank and to OneWest Bank, FSB." Letter to Judge Sandra L. Townes from Keith R. Young, Esq., dated June 29, 2015, p. 2. Apparently relying on the indorsement in blank, the letter represented that OneWest was the holder of the Note because, at the time the complaint was filed in this action, OneWest was in possession of the original Note. The letter asserted that OneWest was "the holder of the Note and assignee of the Mortgage when it commenced this action and so it has standing." *Id.*

As required by paragraph III.A of the Court's Individual Motion Practices and Rules, Plaintiff's pre-motion conference request included a Statement of Material Facts pursuant to Local Civil Rule 56.1 (the "56.1 Statement"). The 56.1 Statement bore the caption of a case that was then pending before Judge Gregory H. Woods in the United States District Court for the

Southern District of New York. Although the body of the 56.1 Statement appeared to relate to this case, the 56.1 Statement contained only one statement relating to standing. It read, "The Note and Mortgage were physically transferred to Plaintiff prior to the commencement of this action," and cited to "Certificate of Merit Exhibit A." 56.1 Statement, ¶ 6. However, nothing in that exhibit, which includes copies of the Note, Mortgage and Assignment of Mortgage, establishes that Plaintiff was in possession of the Note at the time this action was commenced.

None of the defendants opposed Plaintiff's pre-motion conference request. Accordingly, by order dated August 28, 2015, the Court granted Plaintiff permission to move for summary judgment. A few days later, in response to a notice stating that OneWest's corporate parent, IMB Holdco LLC, had been acquired by CIT Group Inc., and that OneWest's name had been changed to CIT Bank, N.A., the Court directed that the Clerk of Court modify the docket sheet and the caption of this case to reflect Plaintiff's name change.

### *The Instant Motions*

On October 7, 2015, Plaintiff filed a motion seeking, *inter alia*, 1) summary judgment with respect to the claims against defendant Howard, 2) a default judgment with respect to the claims against defendants ECB and PNC, and 3) and an order striking the Doe Defendant from the caption and discontinuing the action with respect to that defendant. In support of that motion, Plaintiff filed a Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Default Judgment ("Plaintiff's Memo"); an "Affirmation of Regularity" executed by Plaintiff's counsel, and an "Affidavit of Plaintiff" executed by JC San Pedro, a Director of CIT Bank, N.A. Plaintiff's submission did not include a Statement of Material Facts, as required by Local Civil Rule 56.1.

In arguing for summary judgment on Howard's claims, Plaintiff's Memo expressly addresses each of the nine defenses raised in Howard's answer. In addressing Howard's second defense—that Plaintiff lacks standing to bring the action—Plaintiff first cites to various cases for the proposition that a plaintiff has standing where it is the holder or assignee of both the mortgage and the underlying note at the time the action is commenced. Plaintiff's Memo, p. 9. Then, citing to section 1-201 of the New York Uniform Commercial Code, Plaintiff states that a party is "a 'holder' of a negotiable instrument, such as the Note, if [he] is 'a person who is in possession of ... an instrument ... issued or indorsed to him or to his order or to bearer or in blank.'" Plaintiff's Memo, pp. 9-10. Finally, Plaintiff's Memo claims that "Plaintiff had possession of the original indorsed Note when the Complaint was filed." *Id.*, p. 10.

In support of this standing argument, Plaintiff's Memo cites only to paragraph 14 of the Affidavit of Plaintiff and to the copy of the Note which is included in Exhibit A to that affidavit. Paragraph 14 reads, in pertinent part:

> Plaintiff is the holder of the ... Note given by Janet Howard to secure the sum of $600,000.00 against real property commonly known as 334 Herzl Street .... Plaintiff was the owner and the holder of the Note and Mortgage at the time of the commencement of this action.

The copy of the Note which is included in Exhibit A is identical to the copy attached to the Certificate of Merit, with one exception. The indorsement which had been too faint to read is at least partially legible in the copy of the Note attached to the Affidavit of Plaintiff. It appears to be an indorsement signed by someone named Brian at IndyMac. However, because most of the writing on the bottom, right side of the indorsement remains invisible, the Court cannot determine with certainty whether this in an indorsement in blank or a special indorsement.

8

Relying solely on this copy of the Note, Plaintiff argues that "[t]he Note was transferred from American Brokers Conduit to IndyMac Bank, F.S.B. ("IndyMac") by specific indorsement on the original Note, then subsequently transferred by allonge from Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, successor to IndyMac to OneWest Bank, FSB; then subsequently indorsed in blank by allonge of OneWest Bank, FSB." Plaintiff's Memo, p. 2. Plaintiff's Memo does not mention the second, partially legible indorsement executed by IndyMac. Rather, Plaintiff's Memo focuses on the second of the two allonges attached to the Note, stating that this "indorsement in blank" makes the Note "payable to the party in possession of the original Note." *Id.*, p. 10.

In an unsigned "Affirmation in Opposition" to Plaintiff's Motion, Howard contests only the standing issue, asserting that "Plaintiff has failed to prove that there are no material facts at issue specifically regarding the issue of standing." Affirmation in Opposition, ¶ 6. First, Howard asserts that "[t]here are material issues of fact as to whether Plaintiff actually had possession of the note at the commencement of the action." *Id.*, ¶ 7. Howard does not provide any evidence that Plaintiff lacked possession, however,

Second, Howard argues that the Note included in the Certificate of Merit is "an altered copy of the Note" because the indorsements on that Note differ from the indorsements on the copy of the Note filed in connection with a state foreclosure action which OneWest commenced against Howard in August 2009. *Id.*, ¶ 8 - second ¶ 10.[2] In support of this argument, the

---

[2] The Affirmation in Opposition begins with paragraphs numbered 1-12, followed by two consecutive paragraphs numbered 7, and ends with paragraphs numbered 9-26. Accordingly, the pages cited begin at paragraph 8, encompass the first set of paragraphs numbered 9-12 and the two consecutive paragraphs numbered 7, and end at the second paragraph numbered 10.

Affirmation in Opposition attaches as Exhibit 5 a certified copy of a summons and complaint filed by OneWest Bank, FSB as successor to IndyMac Bank, FSB, in the Supreme Court of the State of New York, Kings County, in August 2009. The Note attached to that state-court complaint as Exhibit A has only one indorsement on page 4—the qualified indorsement in blank signed by Ryan Criscione on behalf of American Brokers Conduit—and no allonges. The stamp which converted Criscione's indorsement in blank into a special indorsement to IndyMac Bank, F.S.B., does not appear on that copy of the Note. Neither does the second indorsement, signed by IndyMac.

In its "Reply Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Default Judgment" (the "Reply Memo"), Plaintiff introduces new evidence to establish that Plaintiff was in possession of the Note at the time it commenced this action. Specifically, Plaintiff provides a "Reply Affirmation" signed by Steven Rosenfeld, an attorney associated with Plaintiff's counsel, who attests to the fact that the original Note was in a "collateral file" which Plaintiff supplied to its counsel on November 24, 2014. Reply Affirmation, ¶ 3. According to Rosenberg, the collateral file, including the original Note, was returned to Plaintiff on December 24, 2014—the day after this action was commenced. *Id.*, ¶ 6.

## DISCUSSION

### *The Summary Judgment Standard*

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be ... genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record ... or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). In addition, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York require the party moving for summary judgment to "annex[ ] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). "Each statement by the movant ... pursuant to Rule 56.1(a) ... must be followed by citation to evidence which would be admissible ...." Local Civil Rule 56.1(d). The movant's failure to submit the statement required by Local Civil Rule 56.1 "may constitute grounds for denial of the motion" for summary judgment. Local Civil Rule 56.1(a).

"Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014)(citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit or declaration submitted in connection with a summary judgment motion "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "[U]ltimate or conclusory facts and conclusions of law ... cannot be utilized on a summary judgment motion." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.—Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (ellipses in original); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, Civil 3d § 2738, at 346-56 (1998). "When an affidavit does not comply with these basic requirements, the offending portions should be disregarded by the court."

11

*Wahad v. F.B.I.*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) (citing *United States v. Alessi*, 599 F.2d 513, 514-15 (2d Cir. 1979)).

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), a court has several options. Rule 56(e) provides three specific options: "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it ...." However, Rule 56(e) also gives the court discretion to "issue any other appropriate order." Fed. R. Civ. P. 56(e)(4).

### *The 56.1 Statement*

Before addressing the merits of Plaintiff motion for summary judgment, the Court briefly addresses an obvious procedural flaw: the lack of a 56.1 Statement. As noted above, Local Civil Rule 56.1(a) requires a party moving for summary judgment to annex a Statement of Material Facts to the notice of motion. Under some circumstances, the failure to submit such a statement may constitute grounds for denying a motion for summary judgment. Local Civil Rule 56.1(a).

If the failure to annex a 56.1 Statement to the notice of motion were the only flaw in Plaintiff's submissions, the Court would not deny the motion for summary judgment on this ground alone. Plaintiff did provide a 56.1 Statement in connection with its pre-motion conference request dated June 29, 2015, and simply omitted to re-file it in connection with this motion. Moreover, judging from Plaintiff's counsel's first two pre-motion conference requests, both of which were denied on procedural grounds, this Court suspects that Plaintiff's counsel

may not have been intimately familiar with federal court practice and did not realize the necessity of re-filing the 56.1 Statement.

The failure to annex the 56.1 Statement, however, is not the only flaw in Plaintiff's submissions. The evidence cited in Plaintiff's Memo and in the 56.1 Statement do not establish that Plaintiff was in possession of the Note at the time the action was commenced. As discussed below, that fact was essential to establish Plaintiff's standing to bring this action.

***Standing***

Under New York law, a plaintiff has standing to bring a mortgage foreclosure action "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *U.S. Bank, N.A. v. Denaro*, 98 A.D.3d 964, 964, 950 N.Y.S.2d 581, 582 (N.Y. App. Div. 2d Dep't 2012) (quoting *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 279, 926 N.Y.S.2d 532, 537 (N.Y. App. Div. 2d Dep't 2011). "Where ... the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief." *Silverberg*, 86 A.D.3d at 279, 926 N.Y.S.2d at 536.

Since Howard alleged standing as a defense in her answer, Plaintiff's Memo attempts to establish standing by showing that it was both an assignee of the Mortgage and a holder of the Note. With respect to the Note, Plaintiff assumes that the Note is a "negotiable instrument," as defined in Article 3 of the New York Uniform Commercial Code (the "N.Y. U.C.C."). Plaintiff's Memo, p. 9 (discussing the law relating to negotiable instruments, "such as the Note"). Plaintiff then cites to N.Y. U.C.C. § 1-201, which currently defines "holder" to mean "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession ...." N.Y. U.C.C. § 1-201(21)(A) (McKinney's 2016). Finally,

Plaintiff cites to evidence—namely, paragraph 14 of the Affidavit of Plaintiff and the Note attached to that affidavit as Exhibit A—to establish that Plaintiff is the holder of the Note.

The Court cannot find, based on the scant facts and legal discussion provided in Plaintiff's motion papers, that Plaintiff is entitled to summary judgment. First, Plaintiff's Memo provides no analysis of whether the Note is a "negotiable instrument." In order for a writing to be a negotiable instrument, it must "(a) be signed by the maker or drawer; ... (b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by ... [Article 3 of the Uniform Commercial Code]; ... (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer." N.Y. U.C.C. § 3-104(1). There are undoubtedly cases in which courts have found that a mortgage note meets these criteria and is a negotiable instrument. *See, e.g., Wilson v. Toussie*, 260 F. Supp. 2d 530, 542 (E.D.N.Y. 2003)(citing *In re AppOline.com, Inc.*, 285 B.R. 805, 817-18 (Bkrtcy. E.D.N.Y. 2002), and *Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 211-12, 542 N.Y.S.2d 721, 723 (N.Y. App. Div. 2d Dep't 1989)). However, some courts have observed that "a note given in connection with a mortgage in a real estate transaction generally is not a negotiable instrument." *United States v. Bowman Poultry Farms, Inc.*, No. 92-CV-80S, 1994 WL 577524, at *4, n. 1 (W.D.N.Y. Sept. 30, 1994) (quoting *P & K Marble, Inc. v. LaPaglia*, 147 A.D.2d 804, 804-05, 537 N.Y.S.2d 682, 683 (N.Y. App. Div. 3d Dep't 1989)); *see also Felin Assocs., Inc. v. Rogers*, 38 A.D.2d 6, 9, 326 N.Y.S.2d 413, 415 (N.Y. App. Div. 1st Dep't 1971) ("It is quite apparent that a note given in a real estate transaction in connection with a mortgage does not fall into the classification of a negotiable instrument."). Accordingly, a court "is not and should not be required to presume" that such notes are

negotiable. *Felin Assocs.*, 38 A.D.2d at 9, 326 N.Y.S.2d at 415 (citing *Wright v. Wright*, 54 N.Y. 437, 441 (1873)).

Even assuming, *arguendo*, that the Note is a negotiable instrument, the evidence cited by Plaintiff is insufficient to establish that Plaintiff was a holder of the Note. The Note was endorsed several times. First, Ryan Criscione, an employee of American Brokers Conduit made a qualified indorsement in blank by affixing his stamp and signing under the words "without recourse." Because Criscione did not insert the name of an indorsee under the words, "Pay to the Order Of," the Note became payable to the bearer and was negotiable by delivery alone. *See* N.Y. U.C.C. § 3-204(2).

At some point, someone converted Criscione's blank indorsement into a special indorsement by stamping "IndyMac Bank, F.S.B.," over Criscione's signature. *See* N.Y. U.C.C. § 3-204(3). Once specially indorsed, the Note became payable to the order of the special indorsee (i.e., IndyMac Bank, F.S.B.), and could be further negotiated only by its indorsement. *See* N.Y. U.C.C. § 3-204(1). It appears that someone at IndyMac named Brian subsequently indorsed the Note by affixing a second stamp. However, because this stamp is only partially legible, the Court cannot be certain whether this second indorsement was an indorsement in blank or a special indorsement making the Note payable to someone other than IndyMac.

Moreover, there are unanswered questions regarding what happened to the Note after it was indorsed by IndyMac. The first of the two allonges is a qualified indorsement from the Federal Deposit Insurance Corporation (" FDIC") to OneWest Bank, FSB, without recourse. However, Plaintiff's papers do not explain how the FDIC came to possess the Note or how

15

Sandra Schneider, a Vice President at OneWest, came to be authorized to sign the allonge on behalf of the FDIC.

Even assuming that Ms. Schneider was authorized to sign on behalf of the FDIC, there remain unanswered questions as to what indorsements appeared on the Note as of December 23, 2015—the date this action was commenced. Exhibit A to the Affidavit of Plaintiff establishes that there were two indorsements on page 4 of the original Note and two allonges attached to the back of the Note as of October 5, 2015, when the Affidavit of Plaintiff was executed. However, it does not establish that all of these indorsements and allonges were on the document as of December 23, 2014, when this action was commenced. Notably, the second stamped indorsement is almost entirely invisible in the copies of the Note attached to the Certificate of Merit and the Reply Affirmation.

Finally, even if the Court were to conclude that the Note was bearer paper at the commencement of this action, it is unclear whether paragraph 14 of the Affidavit of Plaintiff establishes that Plaintiff was in possession of the Note on December 23, 2014. That paragraph states that Plaintiff was "the owner and the holder of the Note and Mortgage at the time of the commencement of this action," and remained "the holder of the ... Note" at the time the Affidavit of Plaintiff was executed. However, it is unclear whether the affiant was using the term "holder" and "owner" to connote possession or to express a legal conclusion. If it was the latter, the statements contained in paragraph 14 could not be considered in evaluating the motion for summary judgment. *See BellSouth Telecomms*, 77 F.3d at 615 ("[C]onclusions of law ... cannot be utilized on a summary judgment motion.").

To be sure, the Reply Affirmation cures some of the deficiencies identified above. That document establishes that Plaintiff had possession of the original Note at the time this action commenced. *See* Reply Affirmation, ¶ 3. However, the Court cannot take the Reply Affirmation into consideration in determining whether Plaintiff has met its burden of production. Howard has not had a chance to respond to the Reply Affirmation, which was executed on November 18, 2015—a few days after Howard filed her opposition papers. Nonetheless, since the Reply Affirmation suggests that Plaintiff may be able to cure the deficiencies in its moving papers if given an opportunity to re-brief, the Court will deny Plaintiff's motion for summary judgment without prejudice to re-filing.

## *CONCLUSION*

For the reasons set forth above, Plaintiff's motion for summary judgment is denied without prejudice to re-filing a motion which cures the defects identified herein. That motion shall be filed on or before November 28, 2016, and should:

1. Annex to the Notice of Motion a properly captioned Statement of Material Facts which complies with the dictates of Local Civil Rule 56.1;

2. Provide some legal analysis with respect to whether the Note is a negotiable instrument, as defined in N.Y. U.C.C. § 1-201(21);

3. Ensure that the stamped indorsements on the original Note are entirely legible in the photocopies provided to the Court;

4. Provide a fuller explanation regarding the various indorsements, including some explanation of how the FDIC became involved, when the indorsements to IndyMac were

made, and what authorized Plaintiff's employees to sign documents on behalf of the FDIC and MERS; and

5. Provide evidence in admissible form that Plaintiff possessed the Note at the time it commenced this action.

The Court defers decision with respect to Plaintiff's remaining motions. The Court notes, however, that Plaintiff does not need a Court order to dismiss its claims against the Doe defendant. Plaintiff can voluntarily dismiss this defendant by filing a notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A).

**SO ORDERED.**

s/SLT

_____
SANDRA L. TOWNES
United States District Judge

Dated: October 26, 2016
Brooklyn, New York