United States District Court
for the
Eastern District of New York

| | |
|---|---|
| CIT Bank, N.A. Formerly known as ONE WEST BANK, N.A.<br><br>      Plaintiff,<br><br>v.<br><br>JANET HOWARD, PNC BANK, NATIONAL ASSOCIATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, JOHN DOE (being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, assignees, creditors, or successors.)<br><br>      Defendants. | Civil Action No. 14-cv-7470<br><br><br>AFFIRMATION IN OPPOSITION |

Michael Cheatham, Esq., an attorney admitted to practice in Federal Court Pro hac fice hereby affirms under the penalties of perjury that the following facts are true:

1. I am the attorney representing JANET HOWARD hereafter known as "Defendant" and as such am fully familiar with the facts and circumstances surrounding this matter. I make this Affirmation in Opposition to Plaintiff's motion for Summary Judgment.

2. Pursuant to Rule 56 of the Federal Rules Of Civil Procedure this court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

3. Here Plaintiffs submissions are insufficient to establish that there are no material facts at issue. In fact, Plaintiffs own submissions actually create triable issues of fact.

4. The within action is one of foreclosure. Plaintiff is attempting to foreclose on the home of Defendant Janet Howard. In order to prevail in this foreclosure, proceeding Plaintiff must prove that it has standing. In its Motion for Summary Judgment and Default Judgment, Plaintiff claims that it has standing Pursuant to N.Y. U.C.C. § 1-201(20). In an effort to prove Standing, Plaintiff claims ownership of the Note by physical possession at the commencement of the action and that the Note was endorsed in blank pursuant to an undated, unattached allonge.

5. A Plaintiff proves it has standing by demonstrating that it was both the holder and assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action was commenced. <u>Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 279 [2d Dept. 2011]</u>.

6. Plaintiffs submissions in this motion are similarly insufficient as in it's first motion to prove the above. Plaintiff has failed to prove that there are no material facts at issue specifically regarding the issues of possession of the note and it's ability to enforce the Note.

## Triable Issues Of Fact

7. Plaintiffs motion and it's entire case is based on its alleged possession of

the Note at the commencement of the action. There are material issues of fact as to whether Plaintiff actually had possession of the note at the commencement of the action and as to whether that note was endorsed in blank making it bearer paper transferable by possession. Plaintiff also fails to prove it's prima facie case because it does not establish that the Note is enforceable.

8. In an effort to prove it's case Plaintiff has submitted an altered copy of the Note as an exhibit in its Summons and Complaint and as an exhibit in this motion. As such Plaintiff is not entitled to Summary Judgment. Plaintiff must at the very least explain its submission and their troubling inconsistencies.

9. According to Plaintiffs <u>Memorandum of Law in Support of Plaintiffs Motion for Summary Judgment</u>, Plaintiff states that "the note was transferred from American Brokers Conduit to IndyMack Bank F.S.B. ("IndyMac") by <u>specific indorsement</u> on the original note;" This fact is contradicted by Plaintiffs prior submissions.

10. In 2009, Plaintiff filed a State Court Foreclosure action against the Defendant Ms. Howard had under Index No. 20308/2009. That case was ultimately withdrawn and Plaintiff has now filed a second Federal Foreclosure action.

11. As an Exhibit in the State case, Plaintiff submitted a copy of a Note, purporting to be the instrument evidencing Ms. Howard's debt. After a careful examination the Note submitted, although it is purported to be the same note submitted in this case, it is clearly different. The Note Submitted in this matter has now been altered to feature a "specific endorsement". No such endorsement

is found on the State Court Note.

12. In order for the "Specific endorsement" to be authentic, it must have been made prior to the filing of Plaintiffs State Court Foreclosure Case in 2009. However, the 2009 Note attached to Plaintiffs State court pleadings, had no "specific endorsement".

13. The difference between the 2009 Note Submission and the 2014 Note submission is the endorsement. An examination of the 2009 State Court Note, reveals that it was endorsed in **"Blank"**. The Federal Court 2014 Note was altered to feature a **"Specific Endorsement"**. (See Copy of the Note found in a certified copy of Plaintiffs 2009 Pleadings as Exhibit "A") (2009 Pleadings attached as Exhibit "1") (See Copy of the Federal Court Note found in Plaintiffs Complaint as Exhibit "B")

14. In the State court case, Plaintiff submitted a copy of a Note that was indorsed in Blank. That case was commenced on August 10, 2009. However, in this case Plaintiff claimed that it was the owner of the same Note via "Specific Endorsement" on the original Note; then subsequently transferred by allonge from Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, successor to IndyMac to One West Bank, FSB; then subsequently indorsed in blank by allonge of One West Bank, FSB and became the owner in February, 2009. The "Specific Endorsement" should have been on the Note by August 2009, but was not. The "specific endorsement" did not appear until Plaintiff submitted a copy of the Note as an exhibit in this case filed in 2014, how can this be.

15. According to Plaintiff, it became the owner and holder of the note six months before the commencement of its first action in State Court in August 2009. That Note should be a copy of the same Note that was submitted as an exhibit in this proceeding and as such the endorsement must have been found on the document prior to transfer to Plaintiff.

16. There exists a material question of fact as to how the "specific endorsement" could have appeared on the copy of the Note as Plaintiffs Exhibit in this case but was not found on the copy of the Note submitted in the 2009 case.

17. Plaintiff has failed to sufficiently address the issues found in the Memorandum and Order of United States District Judge Towns dated October 26, 2016. Plaintiff did not discuss the issue regarding the appearance of an alleged prior endorsement some five years later.

18. Further movant relies on paragraph four of its Affidavit of Plaintiff, executed by Caryn Edwards, to establish possession at the commencement. His statements are insufficient as they fail to discuss the "Collateral File" noted in the "Reply Memo" of Plaintiffs prior attorney. If the Affirmation of Plaintiffs former attorney Steven Rosenfeld is accurate then the original note was in a "Collateral File" not in physical possession of Plaintiff at the commencement of the action. Even if the possession of the Note is inferred to Plaintiff based on possession by its attorney, there is no affirmation or affidavit stating exactly who had possession of the Note or where the Note was actually located on commencement date, proffered in this motion. Movant proffers no affidavit or

affirmation of someone with personal knowledge, who can establish that fact. Movant proffers only a statement by Edwards who could not possibly know about the location of the Note or it's possession as he does not work for Plaintiffs prior council. (See Affidavit of Edwards attached as Exhibit "2" and Reply Memo of Rosenfeld attached as Exhibit "3")

19. Regarding the second copy of the Note, an important distinction between the two submissions is the issue of Holder vs Holder in Due Course. In the first submission, Plaintiff would be only a "Holder" of the Note. The advantage here is that ownership of the note would pass by possession only, however, a Holder would be subject to Defenses and is not automatically granted the ability to enforce the Note. The specific endorsement found in the second submission would make Plaintiff a "Holder In Due Course", allowing Plaintiff to enforce the note via mere possession.

20. A Holder In Due Course is a holder who takes the instrument for value, in good faith, and without notice that it is overdue or has been dishonored, or that it is subject to any defenses or claims (UCC § 3-302 [1]; Hartford Acc. & Indem. Co. v American Exp. Co., 74 NY2d 153 [1989]; DH Cattle Holdings Co. v Reno, 196 AD2d 670 [3d Dept 1993]).

21. Plaintiff bears the burden of establishing its status as a holder in due course (see UCC § 3-307 [3]; First Intl. Bank of Israel, Ltd. v L. Blankstein & Son, Inc., 59 NY2d 436 [1983]).

22. If Plaintiff is not a holder in due course, it takes the Promissory Note subject to all defenses of any party to the instrument (UCC § 3-306). [*3]

23. Under the Uniform Commercial Code, a holder in due course must first be a holder. A holder is defined in section 1-201 (20) as "a person who is in possession of an ... instrument ... drawn, issued or indorsed to him or to his order or to bearer or in blank"

24. (UCC §-201 [20]). Defendant contends that plaintiff cannot claim the status of a holder in due course because, since the Promissory Note was not endorsed to it, Plaintiff is not a holder as defined in section 1-201 (2).

25. Here, the Promissory Note is an instrument that was issued to American Brokers Conduit. The 2009 Promissory Note is not drawn or issued to Plaintiff or its order. Rather, Plaintiff is merely an assignee of the Note, who has possession of it. The mere possession of order paper does not transform a person into a holder (Hartford Acc. & Indem. Co. v American Exp. Co., 74 NY2d at 159 ["Unless checks have been drawn to their order, possessors cannot be holders"]). Thus, because the Promissory Note was not indorsed to plaintiff, plaintiff is not a holder (Marine Midland Bank, N.A. v Price, Millers, Evans & Flowers, 57 NY2d 220, 225 [1982] [by accepting check without indorsement, bank precluded "from being a holder, and thus a holder in due course"]; National Bank of North America v Flushing Natl. Bank, 72 AD2d 538, 539 [1st Dept 1979] ["Without an indorsement, a transferee cannot be a holder"])

26. This is an essential material fact at issue. Even if Plaintiff can establish that it was the holder of the note at the commencement of the action, it is not able to establish that it can enforce the Note.

27. Further, regarding enforceability, Plaintiff fails to prove that the Note is a

"negotiable instrument" as defined in Article 3 of the New York Uniform Commercial Code.

28. Plaintiff relies on to undated unattached allonges to claim possession of the Note and its existence as bearer paper.

29. An allonge is only permitted if on the face of the Note there is no room to indorse the Note. If the room on the Note exists to write out the indorsement, then the allonge is invalid, no matter how good it looks. If an allonge is needed because the space on the face of the note isn't there (very unlikely since there isn't much to an endorsement) then it still must conform to the rules and laws concerning endorsements. The signature must be verified and the authority must be verified. Here, there was plenty of room. The allonges here seem to be an afterthought intended to correct past chain of title inconsistencies. The allonges at the very lease require further inquiry.

30. The issue of the indorsement and the indorsements fraudulent nature present a genuine issue of material fact that prevent Plaintiff being awarded Summary Judgment

31. Here is also no question that the alleged indorsement herein is on a separate page from the Note and is clearly undated. See, *Indy Mac Bank, F.S.B. v Garcia*, 28 Misc 3d 1202(A) [Sup Ct Suffolk Co. 2010]. New York UCC § 3-202 (1) states, in pertinent part, that "[i]f the instrument is payable to order it is negotiated *by delivery* with any necessary indorsement" (emphasis added). In addition, UCC § 3-202 (2) requires that "[a]n indorsement must be written by or on behalf of the holder and *on the instrument or on a paper so firmly affixed*

*thereto as to become a part thereof* (emphasis added).

32. Here, the purported indorsement is payable to order of plaintiff's predecessor in interest, but on a separate page. If that indorsement is determined to be invalid, the transfer creates a <u>discrepancy in chain of title</u> and effects Plaintiffs ability to enforce the Note even if it is determined that it was in Plaintiffs possession at the commencement.

33. The existence of the second altered copy of the original Note may be an effort to clear up discrepancies in the chain of title although those efforts appear to be fruitless.

34. In the Official Comment to UCC § 3-202(2) (McKinney's) it states "Subsection (2) follows decisions holding that a purported indorsement on a mortgage or other separate paper pinned or clipped to an instrument is not sufficient for negotiation. The indorsement must be on the instrument itself or on a paper intended for the purpose which is so firmly affixed to the instrument as to become an extension or part of it. Such a paper is called an allonge."

35. The issue as to the validity of the allonges is a material fact at issue.

## OWNERSHIP VIA ASSIGHNMENT

33. In this case, Plaintiff claimed that it was the owner of the Note via "Specific Endorsement" and became the owner in February 2009. However, the assignment of the Note did not occur until August 17, 2009. These dates seem to contradict each other. Why if Plaintiff owned the Note in February 2009, would it assign it to itself in August 2009. This is a question of material fact at issue. (See

Copy of the assignment attached as Exhibit "4")

29. On February 26, 2010, an Assignments of Mortgage was recorded in the Official Records, Kings County with instrument numbers2010.68251 to OneWest Bank, FSB as successor in interest to IndyMac Bank, FSB. A signature purporting to be that of Suchan Murray was on the document stating her position as Authorized Signatory of Mortgage Electronic Registration Systems, Inc. ("MERS") without disclosure of Suchan Murray true employment and compensation by Assignee OneWest Bank.

30. It is interesting to note that recording of Assignment was made approximately three years after loan origination.

31. Based on the unilateral transfer by Murray, Defendant recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, purchase/sale agreements, verifiable proof of funds, accounting journal entries, receipts for transfer taxes paid) among relevant parties AMERICAN BROKERS CONDUIT, IndyMac Bank , Washington Mutual, IndyMac MBS, Inc.,.

32. Murray's credibility is further questioned by her admission in the Florida Southern District Court case Cavero v. One West Bank FSB, Case No. 1:13-cv-24307, that she illegally altered documents in favor of her employer One West Bank, to facilitate foreclosure proceedings.

33. Early in this proceeding, Defendant demanded the production of the original Note. To date Plaintiff has not provided the Note or offered a time for it's inspection. Many of the material facts at issue may be addressed should Plaintiff produce the Note.

Because there are several material facts at issue, and because Plaintiff has in no way established by its submissions that it has proved it's prima facie case, this motion must be denied in all respects.

**WHEREFORE** it is respectfully requested that this motion be denied in all respects and that this court grant any other and further relief that it deems just and proper under the circumstances.

DATED:  June 28, 2018
           Brooklyn, New York

Michael Cheatham
247 Smith Street
Brooklyn, NY 11231
718-243-0900